UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUIS SOSA-URAGA,

                            Petitioner,

              -against-

UNITED STATES OF AMERICA,

                            Respondent.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1-10-12_

11 Civ. 6929(PKC)
04 Cr. 826 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

            Petitioner complains that his sentence of 46 months of imprisonment and three

years of supervised release on a plea of guilty to a charge of illegal reentry after conviction of an

aggravated felony, 8 U.S.C. § 1326(b)(2), was unlawful and/or unreasonable because, he asserts,

he would have received a lesser sentence in a fast-track district.  His submission to this Court

(which seeks a Congressional hearing) will be treated as a motion under 28 U.S.C. § 2255 to

vacate, set aside or correct a sentence.

            On direct appeal, petitioner, then represented by counsel, argued that the Court

had failed to adequately explain why it had not imposed a below-Guidelines sentence.  Brief for

Defendant-Appellant at 14-19, United States v. Sosa-Uraga, 423 F. App'x 109 (2d Cir. 2011)

(No. 10-2096-cr).  Specifically, petitioner urged, among other things, that the Court's

explanation was inadequate to address petitioner's argument "that many people like him received

'fast-track' sentences that were significantly lower than the guideline sentence." Id. at 16.  The

Court of Appeals affirmed the sentence imposed. Sosa-Uraga, 423 F. App'x at 110 ("We have

considered all of Sosa–Uraga's other contentions on appeal and have found them to be without

merit.").  There has been no intervening change in the law.  Accordingly, the issue may not be

relitigated in the context of a section 2255 motion.  Barton v. United States, 791 F. 2d 265, 267 (2d Cir. 1986).[1]  Moreover, the underlying argument that the failure to sentence petitioner to the term he would have received in a fast-track district deprived him of a federally-protected right is without merit.  See, e.g., United States v. Mejia, 461 F.3d 158, 163 (2d Cir. 2006).

For the foregoing reasons, the Petition is DENIED.  The Clerk is directed to enter judgment for the respondent and to terminate the Petition.  Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
        January 10, 2012

P. Kevin Castel
United States District Judge

---

[1] If and to the extent petitioner would seek to recharacterize his present claim as different than that raised before this Court and the Court of Appeals, then it would be procedurally barred for that reason, and there has been no showing of cause and prejudice.